**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **FERNANDO ERNESTO VELEZ-CORTES, individually and on behalf of all others similarly situated,** | **CASE NO. 1:19-cv-23426-JAL** |
| | **JURY TRIAL DEMANDED** |
|     **Plaintiff,** | |
| **vs.** | **CLASS/COLLECTIVE ACTION** |
| **LANGUAGE INTEGRATED SERVICES, CORPORATION,** | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |
|     **Defendant.** | |

**PLAINTIFF'S AMENDED ORIGINAL COMPLAINT**

SUMMARY

1.      Fernando Ernesto Velez-Cortes (Velez-Cortes) brings this lawsuit to recover unpaid overtime wages and other damages from Language Integrated Services Corp. ("Defendant") under the provisions of section 216(b) of the Fair Labor Standards Act (FLSA), as amended 29 U.S.C. §§ 201, *et seq*. and the Puerto Rico Wage Payment Statute (PRWPS), 29 L.P.R.A. §§ 171, *et seq*., §§ 250, *et seq*., and §§ 271, *et seq*.

2.      Velez-Cortes and those similarly situated regularly worked for Defendant in excess of 40 hours each week. As shown below, Defendant failed to properly compensate Velez-Cortes and all other similarly situated workers.

3.      Instead, during the relevant time period, Defendant paid Velez-Cortes and other workers like him the same hourly rate for all hours worked up to 40 hours, and no additional pay after those hours over 40 in a workweek.

**JURISDICTION AND VENUE**

4.        This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6.        The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any sub-class pursuant to 28 U.S.C. § 1367.

7.        Defendant is headquartered in this district and division.

**PARTIES**

8.        Velez-Cortes is a resident of Puerto Rico. His written consent is attached as **Exhibit A**.

9.        Velez-Cortes worked as an interpreter for Defendant from January 2018 until July 2018 in Puerto Rico.

10.        Velez-Cortes would translate from Spanish to English for the United States Army Corp of Engineers.

11.        Velez-Cortes would also inspect generators in the wake of Hurricane Irma and Maria.

12.        Velez-Cortes was an hourly employee of Defendant.

13.        Velez-Cortes was not paid a salary.

14.        Velez-Cortes was paid the same hourly rate up to 40 hours.

15.        Velez-Cortes was not paid at all for overtime hours worked over 40 in a workweek.

16.     Velez-Cortes brings this action individually and on behalf of all other similarly situated workers who were paid hourly without overtime by Defendant.  The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "FLSA Class"):

> **All employees of Defendant Translation & Interpretation who were paid hourly without overtime compensation.**

17.     Velez-Cortes further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

18.     Velez-Cortes also brings this action on behalf of themselves and on behalf of the Puerto Rico Class:

> **All employees of Defendant Translation & Interpretation who were paid hourly without overtime compensation in Puerto Rico.**

19.     The FLSA Class Members and Puerto Rico Class Members are collectively referred to as the "Putative Class Members."

20.     Defendant Language Integrated Services, Corporation is a Florida Corporation that can be served through its registered agent MIT Products & Services, Inc. at 12605 NW 7 Street, Miami, Florida 33182.

### COVERAGE UNDER THE FLSA

21.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of

the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as construction equipment, hand tools, computers, automobiles, generators, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

24.     At all times hereinafter mentioned, Velez-Cortes and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

25.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of 29 L.P.R.A. § 250b.

26.     At all times hereinafter mentioned, Velez-Cortes and the Putative Class Members were employees within the meaning of 29 L.P.R.A. § 250b.

### FACTS

27.     Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments (including Puerto Rico Electric Power Authority) implemented programs to provide aid and repairs to Puerto Rico.

28.     Defendant provides quality document translations to international companies and interpretation services for conferences, meeting and trainings to a large multicultural network of clients, which includes private companies, government entities, NGOs, professional associations, meeting planners, production companies, and many more.[1]

29.     To implement this work, the Defendant hired workers such as Velez-Cortes to perform skilled and manual labor to restore power lines in Puerto Rico.

---

[1] https://lighthouseonline.com/about/ (last visited August 2, 2019).

30.     Defendant paid Velez-Cortes and the Putative Class Members the same hourly rate for all hours worked up to 40 and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

31.     The Defendant's pay practices violate the FLSA and Puerto Rico wage laws.

32.     Velez-Cortes and the Putative Class Members provided interpretation services and some manual labor services in connection with restoration of power in Puerto Rico after the hurricanes.

33.     Velez-Cortes and the Putative Class Members had no power to hire or fire other workers.  All aspects of their work were controlled by Defendant or its customers.  Defendant retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Velez-Cortes and the Putative Class Members, and it controlled all aspects of Velez-Cortes and the Putative Class Members' job activities.

34.     Defendant set Velez-Cortes and the Putative Class Members' rates of pay and work schedule.

35.     The job functions of Velez-Cortes and the members of the Putative Class were primarily routine in nature, requiring little to no official training or other advanced degree.

36.     The job functions of Velez-Cortes and the Putative Class Members was not exempt from the FLSA's overtime requirements.

37.     The members of the Putative Classes did not have any supervisory or management duties.  Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to interpretation support in Puerto Rico's recovery efforts.

38.     All of the members of the Putative Class performed the same or similar job duties

and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

39.     The members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Defendant paid the members of the Putative Classes up to 40 hours a week with no additional pay.

40.     If Velez-Cortes and the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours worked.

41.     Defendant's policy of failing to properly pay its employees, including Velez-Cortes, violates the FLSA because these workers are employees performing non-exempt job duties.

## FLSA VIOLATIONS

42.     As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

43.     Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

44.       Accordingly, Velez-Cortes and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

### PUERTO RICO VIOLATIONS

45.       Velez-Cortes brings this claim under Puerto Rico law as a Rule 23 class action.

46.       Puerto Rico law requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Defendant was subject to Puerto Rico Law and Velez-Cortes and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

47.       Defendant has violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

48.       Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages.  Defendant made illegal deductions from the wages of Velez-Cortes and the Puerto Rico Class Members.  These deductions were not authorized and were done willfully.

49.       Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days.  If employee is dismissed from work, he must be paid no later than the next official payday.  Defendant regularly and willfully failed to properly pay Velez-Cortes and the Puerto Rico Class Members and failed to do so in the time required.  Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

50.     Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge.  Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law.  "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b.  Defendant willfully violated these statutes when Velez-Cortes or the Puerto Rico Class Members were terminated without just cause and not paid the required severance.

51.     Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage.  On several occasions, Defendant failed to pay members of the class for hours worked.  These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work.  Defendant willfully violated these sections by failing to pay Velez-Cortes and the Puerto Rico Class Members for all hours worked.

52.     Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week.  All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime. 29 L.P.R.A. § 273(a), §274.  Defendant willfully violated these sections by failing to properly compensate Velez-Cortes and the Puerto Rico Class Members for all hours actually worked in excess of eight per day or forty per week.  Velez-Cortes and the Puerto Rico Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

53.     Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers.  All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work.  An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period,

must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id*.  Defendant willfully violated this section by requiring or failing to allow Velez-Cortes and the Puerto Rico Class Members their regular meal periods.

54.     Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id*.  Defendant employed the requisite number of workers, but willfully failed to pay a bonus to those Puerto Rico Class Members who qualified.

55.     As a result of Defendant's willful violations of the applicable Puerto Rico Labor Laws, Velez-Cortes and the Puerto Rico Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

56.     Accordingly, Velez-Cortes and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## STATEMENT OF CLAIM

57.     Plaintiff was employed by Defendant from approximately January 2018 until July 2018 as a non-exempt translator. During the period of Plaintiff's employment (approximately 28 weeks), Plaintiff was improperly compensated on an hourly basis of $20 per hour up to 40 hours and was not paid any additional compensation for his hours worked over 40 each work week. Plaintiff estimates that he worked approximately 84 hours each work week.[2]  Accordingly,

---

[2] Plaintiff regularly worked 12 hours a day, 7 days a week.

Plaintiff is entitled to additional compensation for approximately 44 overtime hours each work week and estimates his damages as follows:

## TIME AND ONE-HALF CALCULATION

$20.00 (Regular Rate) x 1.5 = $30.00 (Overtime Rate) x 44 overtime hours/week

x 28 weeks = **$36,960.00** (unliquidated)

58.     Plaintiff seeks full payment of all actual overtime wages owed, an equal amount in liquidated damages, and the reasonable attorneys' fees and costs incurred on his behalf during this litigation of this matter.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

59.     Velez-Cortes incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Velez-Cortes were likewise imposed on the Putative Class Members.

60.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico law.

61.     Numerous other individuals who worked with Velez-Cortes indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

62.     Based on their experiences and tenure with Defendant, Velez-Cortes is aware that Defendant's illegal practices were imposed on the Putative Class Members.

63.     Defendant's failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

64.     Velez-Cortes' experiences are therefore typical of the experiences of the Putative Class Members.

65.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

66.     Velez-Cortes has no interests contrary to, or in conflict with, the Putative Class Members.  Like each member of the Putative Class, Velez-Cortes has an interest in obtaining the unpaid overtime wages owed under federal law.

67.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68.     Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and Velez-Cortes will reap the unjust benefits of violating the FLSA and Puerto Rico law.

69.     Furthermore, even if some of the members of the Putative Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

70.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

71.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

    a)  Whether Defendant employed the members of the Classes within the meaning of the FLSA or Puerto Rico Law;

b)  Whether Defendant's decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

c)  Whether Defendant's decision to pay employees no overtime was made in good faith;

d)  Whether Defendant's violation of the FLSA was willful; and

e)  Whether Defendant's illegal pay practices were applied uniformly to all members of the Classes.

72.     Velez-Cortes' claims are typical of the claims of the Putative Class Members. Velez-Cortes and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

73.     Velez-Cortes knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

74.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.  Therefore, this issue does not preclude collective action treatment.

**JURY DEMAND**

75.     Velez-Cortes demands a trial by jury.

**RELIEF SOUGHT**

76.     WHEREFORE, Velez-Cortes prays for judgment against Defendant as follows:

a.     For an Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert

timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Velez-Cortes and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

c.  For an Order designating the Puerto Rico Class as a class pursuant to Fed. R. Civ. P. 23;

d.  For an Order appointing Velez-Cortes and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

e.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Dated: September 9, 2019                    Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
**MORGAN & MORGAN**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Tel: 954-WORKERS; Fax: 954-327-3013
AFrisch@ForThePeople.com

Andrew W. Dunlap
Texas Bar No. 24078444
Michael A. Josephson
Texas Bar No. 24014780
Richard M. Schreiber
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: 713-352-1100; Fax: 713-352-3300

mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788; Fax: (713) 877-8065
rburch@brucknerburch.com