UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FERNANDO ERNESTO VELEZ-
CORTES, Individually and on behalf
of others similarly situated,

      CASE NO.:  1:19-cv-23426-JAL

    Plaintiff,

vs.

LANGUAGE INTEGRATED
SERVICES, CORPORATION,

    Defendant.        /

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Fernando Ernesto Velez-Cortes, and Defendant, Language Integrated Services Corporation, (collectively "the Parties"), by and through their undersigned counsel, jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above captioned matter and dismissing this case with prejudice. The Settlement Agreement has been attached for the Court's review. *See* settlement agreement attached as **Exhibit "A."**

**I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See*

29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff and Defendant were represented by experienced counsel.

**II.     Terms of Settlement**

    **A.     Plaintiff's Recovery**

Plaintiff will receive full damages as part of the settlement in the amount of $371.95 for wages; $5,628.05 for liquidated damages.[1] The parties agree that the settlement terms and amounts are a reasonable compromise as Plaintiff is receiving full damages and 100% liquidated damages. In determining Plaintiff's damages, Defendant provided all of Plaintiff's pay and time records during his employment. The parties were then able to calculate the number of hours Plaintiff worked to a high degree of confidence. Further the Department of Labor had completed a prior investigation that informed the settlement of this matter. The Parties engaged in settlement negotiations based on the data exchanged. The parties believe that this settlement is fair given the records exchanged and the parties coming to agreeable calculations on damages, the Defendant's affirmative defenses, the vagaries of trial, and the potential length of litigation.  Under these circumstances, the undersigned find the settlement reasonable, especially considering the vagaries and unknown length of further litigation.

    **B.     Attorney's Fees/Costs**

Plaintiff's counsel will receive $7,000.00 as payment of fees and costs.  Defendant agrees to pay Plaintiff's attorneys' fees. The parties engaged in negotiations and exchanging of pay/time records in an effort to resolve the matter without extended litigation. The attorneys' fees and costs were negotiated separately from the settlement of

---

[1] The Parties have also separately agreed on $500 for a general release of claims which is within a separate agreement negotiated independently of the resolution of this matter.

the wage claims and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated this 11 day of February, 2020.

Respectfully submitted,

| | |
|---|---|
| ***/s/ Andrew R. Frisch*** | ***/s/ Jesse Unruh*** |
| Andrew R. Frisch, Esq. | Jesse Unruh, Esq. |
| Morgan & Morgan, P.A. | FLBN: 93121 |
| 8151 Peters Road, Suite 4000 | Spire Law, LLC |
| Plantation, FL 33324 | 12249 Science Drive, Suite 155 |
| Tel: 954-WORKERS | Orlando, FL 32826 |
| Fax: 954-327-3013 | Telephone: (407) 494-0135 |
| Email: AFrisch@forthepeople.com | Email: jesse@spirelawfirm.com |
| | |
| ***/s/ Richard Schreiber*** | *Counsel for Defendant* |
| Richard Schreiber | |
| Texas Bar No. 24056278 | |
| Andrew W. Dunlap | |
| Texas Bar No. 24078444 | |
| Michael A. Josephson | |
| Texas Bar No. 24056278 | |

**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: 713-352-1100; Fax: 713-352-3300
rschreiber@mybackwages.com
adunlap@mybackwages.com
mjosephson@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788; Fax: (713) 877-8065
rburch@brucknerburch.com

*Counsel for Plaintiff*